# THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
Assigned on Briefs November 10, 2009

## STATE OF TENNESSEE v. G. MIKE HOLDEN

**Direct Appeal from the Circuit Court for Madison County**
**No. 08-355     Donald H. Allen, Judge**

─────────────

**No. W2009-00456-CCA-R3-CD   -   Filed December 10, 2009**

─────────────

The defendant, G. Mike Holden, was convicted by a Madison County jury of one count of sale of beer to a minor, a Class A misdemeanor. He was subsequently sentenced to a term of eleven months and twenty-nine days, to be suspended following service of one hundred twenty days in the county jail. On appeal, the defendant raises the single issue of sufficiency of the evidence. However, the defendant has failed to include in the appellate record a transcript of the evidence from his trial. The defendant has submitted a statement of the evidence, pursuant to Tennessee Rule of Appellate Procedure 24(c)-(d). However, it was not timely filed pursuant to the rules. Because the issue submitted is not meritorious as a matter of law, we conclude that it is not in the interest of justice to waive the timeliness requirement. As such, the judgment of conviction is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and J.C. MCLIN, JJ., joined.

George M. Googe, District Public Defender, and Gregory D. Gookin, Assistant Public Defender, for the appellant, G. Mike Holden.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and Shaun A. Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Procedural History

An affidavit of complaint was filed by Officer Jackie Benton, which stated as follows:

> On 4-28-07 at [approximately] 2035 [hours] a confidential source under the age of
> 21 purchased a six pack of Bud Light beer from the Little General BP located at 299

N Highway 45 West. [Investigator] Wiser observed the transaction. The clerk who conducted the transaction was identified as [the defendant].

The defendant was subsequently indicted by a Madison County grand jury for one count of sale of beer to a minor. Following a jury trial, he was convicted as charged. He was subsequently sentenced to eleven months and twenty-nine days, to be suspended following the service of one hundred twenty days in confinement. Following the denial of his motion for new trial, the defendant filed the instant timely appeal on February 27, 2009.

On April 9, 2009, the defendant filed a motion to prepare a transcript at the State's expense. While no disposition of this motion is contained in the record before us, the defendant asserts in his brief that the trial court denied the motion based upon its finding that the defendant had sufficient resources to pay for the transcript. Pursuant to Tennessee Rule of Appellate Procedure 24(c), the defendant has submitted a statement of evidence. However, he acknowledges that this statement was not filed within the sixty-day time limit following the filing of the notice of appeal. Nonetheless, he asks this court to waive the requirement in the interest of justice.

The statement of evidence, as submitted by the defendant, is as follows:

*State's Proof*

Jackson-Madison County Metro Narcotics conducted a series of purchases of beer from area convenience stores utilizing a confidential informant. The confidential informant, Blake Lambert, was nineteen years old on April 24, 2007, when he purchased a six-pack of beer from [the defendant], who was employed as a clerk at the Little General store. Lambert produced his military identification when [the defendant] requested proof of age. Lambert then exited the Little General and gave the beer to law enforcement, which retained the six-pack as evidence. Lambert wore an audio/video recording device during the transaction, and the recording was entered into evidence against [the defendant].

Investigators Jackie Benton and Christopher Wiser testified that Lambert engaged in the controlled purchases under their close supervision. Both investigators confirmed that Lambert was under the age of twenty-one when he purchased beer from [the defendant].

*Defense Proof*

During his testimony, [the defendant] freely admitted that he had sold a six-pack of beer to Blake Lambert. [The defendant] acknowledged checking Lambert's identification, but stated that he had made a simple mathematical error in calculating Lambert's age. [The defendant] stated that he was trained to ask for identification

from anyone who purchased alcohol, and denied that he would have intentionally sold beer to a minor.

## Analysis

On appeal, the defendant raises the single issue of sufficiency of the evidence. He acknowledges that almost "every fact at trial was uncontroverted, save [the defendant's] intent in committing the offense." He relies upon his assertion that he committed a mathematical error and "implores this Court to look beyond the sale to his lack of intent."

In considering the issue of sufficiency of the evidence, we apply the rule that where the sufficiency of the evidence is challenged, the relevant question for the reviewing court is "whether, after viewing the evidence in the light most favorable to the [State], *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *see also* Tenn. R. App. P. 13(e). Moreover, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact. *State v. Pappas*, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). This court will not reweigh or reevaluate the evidence presented. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978).

"A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." *State v. Grace*, 493 S.W.2d 474, 476 (Tenn. 1973). A jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt so that, on appeal, a convicted defendant has the burden of demonstrating that the evidence is insufficient. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). These rules are applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of both. *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990).

Initially, we must address the State's contention that affirmance is required based upon the defendant's failure to include a transcript or any timely filed statement of the evidence. There is no dispute that an appellant bears the burden of providing this court with an adequate record to allow resolution of the issue raised on appeal. Tenn. R. App. P. 24. Further, the absence of a transcript of the proceedings relevant to the issues raised by an appellant precludes review by this court. *State v. Ballard*, 855 S.W.2d 557, 560-61 (Tenn. Crim. App. 1993). The defendant acknowledges in this case that no transcript of the trial proceedings, which are necessary for our review, is part of the record.

However, our rules provide that, if no transcript is available, an appellant must supply a statement of the evidence within sixty days of filing his notice of appeal or certify that no such statement will be filed within fifteen days of the notice of appeal. Tenn. R. App. P. 24(c)-(d). In the

absence of either approved method for presenting to this court the facts considered at trial, the defendant fails to overcome the presumption that the trial court's rulings were supported by sufficient evidence. *State v. Oody*, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991). While the defendant acknowledges that his statement of the evidence in this case was not timely filed, he asks this court to waive the time limit in the interest of justice in order to consider his issue.

As noted, the defendant was convicted of selling beer to a minor. The statute states that "[a]ny licensee or other person who sells, furnishes, disposes of, gives, or causes to be sold, furnished, disposed of, or given, any alcoholic beverage to any person under twenty-one (21) years of age commits a Class A misdemeanor." T.C.A. § 57-4-203(b)(1)(B) (2006). A reading of the statute indicates that the offense is defined without reference to a mental state. When a statute criminalizes behavior without reference to *mens rea*, the general state of mind, while relevant, is not required as long as the statute gives proper notice that the behavior described therein would give rise to criminal prosecution. *See, e.g.*, *State v. Turner*, 953 S.W.2d 213, 215 (Tenn. Crim. App. 1996) (legislature's statutory definition of the offense of driving under the influence without reference to a culpable mental state "plainly dispenses with the mental element").

The defendant's entire argument centers around his mental state at the time of the offense, which as stated *supra,* is not a required element of the offense. He acknowledges expressly that he did, in fact, sell beer to a person less than twenty-one years of age. As such, his argument is without merit and, even if factually true, would not entitle him to relief. Accordingly, we cannot conclude that the interest of justice mandates acceptance of the late-filed statement of the evidence as it does nothing to advance any legal argument. Thus, we conclude that on the record before us, the defendant has adduced nothing which would overcome the presumption of his guilt. Regardless, even if considered upon the merits, the defendant's argument would fail. The testimony that the defendant was mistaken in his belief that Lambert was twenty-one years old was put before the jury, and a credibility determination was made. It is not the province of this court to reweigh such determinations. *Pappas*, 754 S.W.2d at 623. Accordingly, the judgment of conviction is affirmed.

## CONCLUSION

Based upon the foregoing, the judgment of conviction for sale of beer to a minor is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE

-4-